4. Jesus Arreola-Castillo v. United States Section 851E of Title 21 is a limited provision that prohibits criminal defendants from attacking prior state convictions in federal court. And it accords with the rule that the Supreme Court announced in Custis pertaining to the We don't want people using federal court to undermine state convictions. In fact, Section 851E is a little bit more generous than the Custis rule because it does allow those attacks so long as the conviction is no more than five years old. But it does not preclude all attacks on the use, the fact, the application of a prior conviction. So I don't see anything in 851 that talks about somebody's right to go to state court to raise whatever they want to that the state courts are willing to entertain. That's exactly right. And that's the path that the Supreme Court has routinely said that's the correct way to go. If there's a problem with a prior conviction, don't litigate it in federal court. Go back to the state, and once you have gone back to the state and vacated the prior conviction, come back to federal court. That's Johnson, right? I mean, it's actually other cases. That's Johnson. And every court of appeals has held that that's a cognizable claim under 2255 to say my sentence was enhanced on the basis of this conviction, I went to state court, I vacated the conviction, I should no longer be subject to this enhanced sentence. So that's not a terribly controversial sort of position. Let me talk a little bit about the diligence question. The diligence question has to do with the timeliness of this petition under 2255F4. Mr. Arreola-Castillo did file this within a year of the convictions being vacated. And so that was the new fact that restarted the time limitation. He presented those facts to the district court repeatedly in at least four pleadings indicating that he was relying on 2255F4 and the rule of Johnson and its due diligence requirement. The government never responded to that and instead adopted a litigation strategy of first moving to dismiss for lack of jurisdiction, which was denied, and then responding to the petition on the merits and convinced the district judge to both deny the petition on the merits and to decline to issue a certificate of appealability. So your position is that this is, if not waiver, at least forfeiture? Yeah. And I think it is a close question on waiver. There's no express statement that we're waiving this. But they do say in their brief, we fluffed it. Right. They fluffed their steps. And it's a little bit puzzling when we have the argument from the government side saying, keep this man in prison for the rest of his life because he didn't file a timely petition, but don't mind the fact that we didn't timely file this limitations defense. What's sauce for the goose is sauce for the gander. So it's at least forfeiture. And what the Supreme Court explained in Wood was the appellate court certainly can raise these issues on their own, but only in exceptional circumstances. And it said that in the context of 2254 proceeding, where most of the rationale the Supreme Court relied on was the need to promote and foster respectful, harmonious relationships with state courts. We don't want, you know, if a state attorney general fluffs its steps and doesn't raise a procedural bar, we want to afford them the opportunity to do that because what's under attack in federal court is a state judgment. Here that doesn't apply. We've got a federal judgment. It's in the same federal sentencing court. There's no need to find that this is an exceptional case that would warrant the court sua sponte exercising its authority to raise this issue on its own. If the court does think that the issue needs to be raised, we'd suggest this is a fact intensive inquiry. It needs to go back to the district court. It gets back to one of our earlier arguments today. With a lawyer, which Mr. Arreola-Castillo would be entitled to at an evidentiary hearing, we would be able to develop more facts and develop, you know, with a look at how to establish diligence. So it's your position, if I remember your brief correctly, that it's possible at such a hearing that even though Mr. Arreola-Castillo's sister starts early and she had to go to three different counties in the state, that there may have been delays built in to the state proceedings over which she had no control. Right. And so the last conviction that got vacated took, I think, about three or four years. And what the Supreme Court said is, you know, if there's a delay that's not attributable to the person, we take that time off. So there's a lot of facts about when did she go to the county, how long did the county take, how long does this usually take, those sorts of things that would be best evaluated by a trier fact rather than this court. Unless there are questions, I'll reserve the remainder of my time. Thank you. Okay. That's fine. Mr. Wrights. May it please the Court, Brian Wrights for the United States. Fluff steps aside, we think that 851 bars Mr. Arreola-Castillo's position here. I don't agree with you, and I think you should start with the timeliness, because it is a little unseemly for the government to leap in all the time, as we see regularly against criminal defendants and claim that they've waived and forfeited. It's one of the government's favorite arguments. And here, it certainly seems that the government just bypassed an argument. I'm sure it was waiver, maybe it was oversight, but why shouldn't we at a minimum reach the merits of Mr. Arreola-Castillo's case, or actually not reach the merits, just say you're too late to say that he can't raise this? Well, first of all, if the Court does say that, then we would reach the merits, just to clarify there. Yeah, okay. So go to the merits. I mean, he's not, you didn't say that he was too late. We agree. I, you know, our brief, I hope, was an apology for that. We should have said so. We agree. I mean, you should have said it, but it's not the end of the world. I assume this doesn't happen very often for the government, and when the government forfeits an argument, I see nothing particularly unusual about this case. You forfeited an argument. Right, and if the argument is forfeited, this Court can address it, and this Court did ask Suess-Fonte for us to address it, and we think under Supreme Court precedent, Mr. Arreola-Castillo is at 58 months, where the Supreme Court in Johnson said 21 months was too late. But we don't know that he personally is at 58 months, because suppose the New Mexico courts took 50 of those months to move on the application. There's really nothing he could have done about it if a prompt petition had been filed and the state court sat on it. Well, I'll start with if that is true, and if the Court has those concerns, perhaps a remand for an evidentiary hearing on that to flesh out those facts would be warranted. We think that the type of claim that Mr. Arreola-Castillo made wasn't really susceptible to that, because as we pointed out in our brief, I'm not really sure the court documents were terribly relevant in affidavit stating that he was unsure about his immigration counsel. Tell that to the New Mexico court. You can't possibly tell me that probably a very busy state court is going to put this at the top of the docket. I mean, we don't know, right? We don't know why it took this long. Right. But to get to the merits, I don't read 851E at all the way you do. I see it as telling the federal court, first of all, you are not the forum for a mini-trial about whether there was a flaw with the underlying state convictions that were used to enhance the sentence. That's not what Mr. Arreola-Castillo did. Secondly, I see a real distinction between asking about the validity of a conviction and whether there's a conviction at all. And there were some examples, if somebody asked you, please go into the dining room and tell me if the lamp is on or off, and you went into the dining room, there's no lamp there. I mean, you can't come back and say it's on, and you can't come back and say it's off. There isn't one. It's a different kind of response altogether. And I don't see anything, I don't even know why the Supreme Court would have decided Johnson the way it did if your theory is right. Starting at the end of that, we think Johnson, those line of cases, are really about opportunity, not a guaranteed process. So the difference is that in those cases, ACCA doesn't provide the ability to collaterally attack a sentencing, which 851 is more generous. But you're saying then, all you need to do then is come up with some bogus six-year-old conviction to enhance somebody's sentence, a conviction that never existed. You can lie to the court, and 851 doesn't permit the person to say, that conviction doesn't exist. That is something of what occurred in McChristian. We think in those scenarios that 851- That's outrageous. We don't disagree with that, Your Honor. We think 851C does a lot of that work, though. Certainly, the government has to carry its burden to prove that the defendant was convicted of a qualifying offense. We still have the burden to do that, but once we do that, if the conviction is over five years old, a defendant cannot attack it. That's not what it says, though. The defendant can't attack it in the federal court, in the federal proceeding, but Johnson says when somebody's serving an enhanced sentence based on a prior conviction, vacating the underlying conviction is a fact that starts the one-year clock. It doesn't say within five years, or it doesn't say anything else like that. Right, Your Honor, but Johnson, again, is dealing with a different statute. Johnson and Custis were very careful to say that this is not a constitutional right on any defendant. I wasn't saying it was a constitutional right, either. I was saying that the statute that you're relying on doesn't say what you say it says. Right, but I think I was trying to lead to the next point that those cases don't say that Congress can't write in a statute of limitation that says that's not applicable here. And here, I think Congress somewhat split the baby and said you can make these attacks at the sentencing hearing, unlike ACCA, but in exchange for that, you cannot come back after five years and attack them. So I think that this is somewhat in between, and the cases that deal with ACCA, Johnson and Custis, don't directly apply here because... Do you think that if somebody, at six years, shows that they were never convicted of something, maybe they finally get the evidence to show that it was the wrong guy, they have to stay in prison for the rest of their life? That's your position. So the District Court of Massachusetts actually said that there should be, the case that we relied on, Robertson, made an exception for an actual exoneration where there's new facts. I don't think we would be in this position if that was the case. Now, though, going back, if it's within the five years, or even if it's outside the five years of sentencing, we think that that is wrapped up in 851C in the government's initial burden. How do they raise it within the five years in federal court, right? Yes, and actually 851 allows defendants to make these attacks in federal court, a collaterally attacked state conviction. But it doesn't prohibit them from making it in state court beyond the five years. Well, I think what this court, I know it was dictated, but this court has said that five years is plenty of time, and if you're worried about a state conviction being used and... Well, I hate to go back to personal experience, but I know the problem has always been the difficulty with state records, because they're not always insufficient, they're difficult to find, and it's just an arbitrary reason to cut off at some point when you come back to it. Well, I... In the language of different parts of 851, E talks about challenge the validity of any prior conviction, but D uses different language, other parts of 851 use different language. I don't know why validity and existence aren't different things. I think in, well, the statute doesn't say existence, so that is a good example that that is... So the existence of the prior conviction is not covered by 851. No, the existence of conviction is covered by 851. Now, we do think, again... Not 851E, though. 851E applies only to validity. Which we think is another way of saying existence. Why is it? Why isn't... I mean, I can think of lots of convictions that might have validity issues. Maybe the government failed to comply with its Brady obligations. Maybe there was a Batson problem with the jury. Those things are not... Were you ever convict... Do you stand convicted of, let's say, this drug offense? But I think you could... Those are completely different. You could just as easily say the ineffective assistance of the counsel is an attack on the validity of the conviction. So valid or invalid conviction is a way of saying whether the conviction exists. And if the state court had not wiped out the conviction, then that would be a different matter. But the state court did. It just erased it. There is no conviction, and yet you're keeping this guy in prison for the rest of his life, even though there are no predicate convictions, according to the state of New Mexico. The Supreme Court has always been clear, though, that on post-conviction, some defendants will be without recourse. The question on post-conviction is opportunity, not guaranteed process. Mr. Areola Castillo had an opportunity at the sentencing hearing. So you don't see the difference between the fact of a prior conviction and the validity of a prior conviction? No. We think those are two ways of saying the same thing in the statute. I don't see that at all. I don't see that at all. Seems to me Congress uses the language it wants to use, and it distinguishes, even within 851, between those two things. We think 851 includes both validity and existence. If the court doesn't think that, then we would rely on the lack of diligence on Mr. Areola Castillo's part. And, again, if the court has concerns that there is a factual dispute that hasn't been fleshed out, we can wrap that up, I suppose, on remand. But we think that the Supreme Court's decision in Johnson legally bars Mr. Areola Castillo's diligence claim, because we're talking about an extra 37 months. With that, if there are no further questions, we'd ask this court to affirm the district court. Thank you. Okay. Thank you. Mr. Henderson. On the merits, Judge Wood, I think you've hit the nail on the head. And what you see in the district court's opinion and in the St. Prue non-precedential opinion is you see the word use instead of validity. You see, well, they're challenging the use of this conviction. Well, that's not what the statute says. The statute calls it the validity of the conviction. It's a collateral attack on whether this conviction is valid. That's not implicated by this case. Mr. Areola Castillo has filed a collateral attack on his federal sentence. And it's a cognizable claim under 2255. There is a constitutional dimension to accepting the government's viewpoint, which is the old to sentence a defendant on the basis of inaccurate criminal history information. So that's where the constitutional implications come in. And finally, just to clarify, we think the government has waived or, if not waived, forfeited its limitations defense. And so we think the remedy in this case should be to direct the district court to reopen the sentence and hold re-sentencing. Thank you. All right. Thank you. Thank you very much to the government as well. We will take the case under advisement.